UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                           **DECISION AND ORDER**
                                                                11-CR-193S (2)

TYREE BISHOP,

               Defendant.

## I.  INTRODUCTION

Defendant Tyree Bishop pled guilty on February 8, 2012, to conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.   This Court thereafter sentenced Bishop to, *inter alia*, a term of imprisonment of 96 months on May 23, 2012.

Presently before this Court is the Government's Motion to Reduce Bishop's offense level by 2 levels pursuant to Rule 35(b)(2)(B) of the Federal Rules of Criminal Procedure.[1] In support of its motion, the Government has filed the sealed affidavit of Timothy C. Lynch, Assistant United States Attorney.  The affidavit describes the valuable assistance Bishop has provided in the prosecution of his co-defendants and others.[2]

---

[1]Bishop has also filed a Motion to Reduce his sentence on other grounds pursuant to 18 U.S.C. § 3582(c)(2).  (Docket No. 181.)  That motion will be resolved by separate order.

[2]Consistent with United States v. Gangi, this Court provided Bishop the opportunity to respond to the Government's motion (Docket No. 178).  45 F.3d 28, 32 (2d Cir. 1995) (holding that "a defendant must have an opportunity to respond to the government's characterization of his post-sentencing cooperation and to persuade the court of the merits of a reduction in sentence").  Bishop did not file anything in response.

This Court has carefully considered the parties' submissions and concludes that Bishop has earned the sentence reduction requested by the Government. Accordingly, the Government's motion is granted, and Bishop's sentence will be reduced from 96 months to 77 months, based on a 2-level reduction in Bishop's total offense level.

## II.  DISCUSSION AND ANALYSIS

**A.      Rule 35(b): Reducing a Sentence for Substantial Assistance**

Rule 35(b)(1) permits a court, upon the Government's motion within one year of sentencing, to reduce a defendant's sentence if he or she "provided substantial assistance in investigating or prosecuting another person." If the Government's motion is made more than one year after sentencing, which is the case here, the defendant's substantial assistance must involve the following type of information:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2)(A)–(C).

The Second Circuit has held that Rule 35 motions are akin to those brought under § 5K1.1 of the United States Sentencing Guidelines, and should therefore be construed similarly.  See United States v. Gangi, 45 F.3d 28, 31 (2d Cir. 1995) ("We are persuaded that, due to similarity in language and function, § 5K1.1 should inform our construction of Rule 35(b)."); see also United States v. Suarzo, No. 96 CR 450, 2000 WL 1558737, at *2 (S.D.N.Y. Oct. 18, 2000).   Both motions are premised on a defendant's substantial assistance to the Government; the only practical difference is that Rule 35 rewards post-sentencing assistance, while § 5K1.1 rewards assistance provided before sentencing.  See Gangi, 45 F.3d at 30.  As such, the following factors are considered in evaluating a Rule 35 motion:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a); see also Gangi, 45 F.3d at 31.

B.    **Bishop's Substantial Assistance**

Bishop's substantial assistance is detailed in the sealed submission filed by the government.  The submission fully describes Bishop's cooperation and details the efforts he has made to assist the Government.  Bishop's assistance has been entirely voluntarily and the information he has provided has been candid and truthful.  For these efforts, the Government believes that a 2-level sentencing reduction is appropriate, and it further requests that Bishop be sentenced at the low end of the range.

This Court concurs in the Government's assessment of Bishop's assistance and finds that he has provided significant, truthful information that has been useful in the Government's investigation and prosecution of others.  Because the submission is sealed, this Court will not recount it here.  But based on this Court's review, it finds that the 2-level reduction and low-end sentence requested by the Government is warranted.  Bishop's assistance has been helpful and entirely voluntary.  Moreover, this Court specifically finds that Bishop's assistance was prompt and that the information he provided became useful to the Government more than one year after he was sentenced, thereby rendering the Government's motion timely under Fed. R. Crim. P. 35(b)(2)(B).

### III.  CONCLUSION

For his voluntary cooperation and substantial assistance to the Government in the investigation and prosecution of others, Bishop has earned a 2-level reduction in this offense level.  This reduces his sentencing range to 77-96 months, based on a total offense level of 24 and a Criminal History Category of IV.  Bishop's sentence will be reduced from 96 months to 77 months.

## IV.  ORDERS

IT HEREBY IS ORDERED, that the Government's Motion for Reduction of Sentence (Docket No. 177) is GRANTED.

FURTHER, that the Probation Office shall prepare an Amended Judgment of Conviction reducing the term of imprisonment to 77 months.  In all other respects the sentence remains the same.

FURTHER, that the Probation Office shall promptly submit the Amended Judgment to this Court for review and signature.

Dated:        February 24, 2015
              Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Judge